Nikoll Nikci, Esq.
Nevada Bar No. 10699
3960 Howard Hughes Parkway
Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 990-3628
Facsimile: (702) 866-9774
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| Jerry Sandoval, and Patricia Sandoval, | |
| Plaintiffs, | CASE NO.: |
| vs. | |
| Wells Fargo Home Mortgage, Inc. and Wells Fargo Bank, N.A., | |
| | JURY TRIAL REQUESTED |
| Defendants. | |

**COMPLAINT**

Plaintiffs, by and through their undersigned counsel, Nikoll Nikci, Esq., for their Complaint against the Defendants, Wells Fargo Home Mortgage, Inc., and Wells Fargo Bank, N.A., state as follows:

**I.
PARTIES**

1.  Plaintiffs, Jerry Sandoval ("**Mr. Sandoval**") and Patricia Sandoval ("**Mrs. Sandoval**", Mr. and Mrs. Sandoval shall hereinafter be collectively referred to as the "**Sandovals**", or "**Plaintiffs**"), are of majority age and are residents of Nevada residing in their home, which is the subject of this lawsuit, at 5733 Ocean Beach Drive, Las Vegas, Nevada 89149 (the "**Property**").

COMPLAINT FOR DAMAGES             Page 1 of 16

2. Defendants, Wells Fargo Home Mortgage, Inc. ("**Wells Fargo Home**") and Wells Fargo Bank, N.A. ("**Wells Fargo**," Wells Fargo Home and Wells Fargo shall hereinafter be collectively referred to as the "**Defendants**") are National Associations and are doing business in the State of Nevada. At all times relevant hereto Defendants serviced the Plaintiffs' home mortgage loans. Defendants' principal place of business is located at 1595 Spruce Street, Riverside, California 92507.

3. At all times relevant hereto, Defendants regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transactions, which are the subject of this action, are payable, making Defendants a creditor within the meaning of 15 U.S.C. §§ 1601, 1602(f) and Regulation Z § 226.2(a)(17).

## II.
## JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties and subject matter herein, because the subject property is located in the State of Nevada.

5. This Court has jurisdiction over the claims pursuant to 15 U.S.C. §§ 1601, *et seq.* (the "**TILA**"), and 15 U.S.C. § 1640(e).

6. This Court has Jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1337.

7. Supplemental jurisdiction is proper of the state law claims set forth herein under 28 U.S.C. § 1367(a).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that the Defendants conduct business in this District.

## III.
## FACTS

9. The Plaintiffs are homeowners in the State of Nevada, residing in their home at 5733 Ocean Beach Drive, Las Vegas, Nevada 89149.

10. On or about December 31, 2004, Plaintiffs entered into a home loan (the "**First Loan**") with E*Loan, Inc. ("**E*Loan**").

11. On or about October 28, 2005, Plaintiffs obtained a home equity credit line (the "**Second Loan**") for an amount not to exceed $39,000.00 from Home Loan Center, Inc. d/b/a Lending Tree Loans ("**Lending Tree**").

12. On or about February 1, 2005, and November 28, 2005, Plaintiffs' existing loans were transferred to Wells Fargo Home Mortgage, Inc. and Wells Fargo Bank, N.A., the Defendants.

13. Upon transfer, the First Loan was designated by Defendants as loan number 0196306161 and the Second Loan was designated as loan number 65465419780480001.

14. As part of the consumer credit Transactions, Defendants obtained two security interests in the Plaintiffs' principal dwelling, 5733 Ocean Beach Drive, Las Vegas, Nevada 89149.

15. The First Loan and the Second Loan (collectively, the "**Transactions**") complained of herein contained a number of disclosure violations within the loans' disclosure documents. Those disclosure violations include, but are not limited to the following:

      a. The disclosures required pursuant to TILA were not properly provided;

      b. The Lenders' representatives came to the Plaintiffs' home to complete the loans, guided the Sandovals through the closing process and then departed upon receiving the Sandovals' executed documents without leaving any copies for the Plaintiffs to review; and

      c. Copies of the loan documents were never subsequently provided to the Plaintiffs.

16. The Transactions extended consumer credit which was subject to a finance charge and which was initially payable to E*Loan and Lending Tree.

17. Before the settlement date, Defendants did not provide the Plaintiffs with the correct preliminary disclosures required by TILA at 12 CFR §§ 226.4, 17, 18, and 12 CFR § 226.5 or any other correct preliminary disclosures as required by the Real Estate Settlement Procedures Act ("**RESPA**") at 12 USCA § 2604(c).

18. The Defendants did not provide the Plaintiffs with a Good Faith Estimate ("**GFE**") of the anticipated costs associated with the Transactions, as required by RESPA, 12 U.S.C. § 2603; 12 C.F.R. § 3500.7.

19. Due to the failure of the Defendants to provide the Plaintiffs with the proper disclosures, the Transactions may also violate the Home Ownership and Equity Protection Act ("**HOEPA**"). 15 U.S.C. § 1639; 12 C.F.R. §§ 226.31, 226.32 and 226.34.

20. Defendants failed and/or refused, either before, during and/or after the closing of the Transactions to provide Plaintiffs with true and accurate copies of important documents, including but not limited to, copies of the GFE, proper TILA disclosures, or the loan documents.

21. The Defendants were under a legal obligation as fiduciaries because they had the responsibility of overseeing the purported loan consummations to make sure that the Transactions were performed correctly and that the Plaintiffs received all accurate mandated documentation and material disclosures under TILA, HOEPA and RESPA, before and after the transaction.

22. Pursuant to TILA, HOEPA and RESPA, Defendants had an obligation to Plaintiffs to disclose all material facts concerning the Transactions that might affect the Plaintiffs' decision whether to accept the Loans.

23. Defendants established a pattern and practice of harming Plaintiffs in that, during the entire life of the loan, Defendants have not correctly credited payments, calculated interest on the account due to the inaccurate disclosures.

24. Defendants knew that the account was not accurate and that Plaintiffs would make further payments based on the account.

25. Plaintiffs did make payments based on the account and paid too much as a result.

26. On December 28, 2007, the Plaintiffs sent a rescission letter, rescinding the Home Loans pursuant to 15 USCA § 1635.

27. On December 31, 2008, the Defendants received the rescission letter.

28. The Defendants failed to timely answer the rescission letter and Defendants failed to comply with the rescission process as set forth in 15 USCA §1635(b).

29. On or about March 29, 2007, Plaintiffs attempted to repay the Second Loan in full and tendered a check in the amount of $38,600.00 (hereafter the "**Check**"), which was accepted by the Defendants.

30. Wells Fargo deposited the Check and subsequently provided the Plaintiffs with complete access to the then existing credit limit of the Second Loan.

31. The Second Loan agreement states that Wells Fargo will make loans to Plaintiffs based on the available credit limit shown on Plaintiffs' most recent periodic statement.

32. Accordingly, the Plaintiffs accessed the credit available under the Second Loan.

33. Shortly thereafter, Wells Fargo returned the check as fraudulent and unilaterally doubled the outstanding balance of the Second Loan to approximately $77,200.00.

34. Wells Fargo has provided no explanation or reason for rejecting the previously accepted Check or for doubling the balance of the Second Loan.

## IV.
## VIOLATIONS OF THE TRUTH IN LENDING ACT

35. Plaintiffs repeat and re-allege all prior paragraphs as though set forth fully herein.

36. TILA, 15 U.S.C. § 1638(b)(1) mandates timely written disclosures of financing terms.

37. Federal Reserve Board of Governors Official Staff Commentary to Regulation Z, § 226.17(a) – (b), Supp. I. paras. 17(a) and 17(b), interpreting TILA, state in relevant part:

> *17(a) Form of Disclosures*
>
> *Paragraph 17(a)(1)*
>
> 1. *Clear and conspicuous*.  This standard requires that disclosures be in a reasonably understandable form.  For example,… the disclosures must be presented in a way that does not obscure the relationship of the terms to each other.
>
> ***

///

> *Paragraph 17(a)(2)*
>
> 3. *Disclosures provided on credit contracts.* Creditors must give the required disclosures to the consumer in writing, in form that the consumer may keep, before consummation of the transaction.
>
> ***
>
> *17(b) Time of disclosures*
>
> 1. *Consummation.* As a general rule, disclosures must be made before "consummation" of the transaction.

38. The execution of the retail installment contracts on or about December 31, 2004, and October 28, 2005, constituted the consummation of consumer credit sales under TILA. 15 U.S.C. § 1602(g) and (h).

39. Plaintiffs may assert their rescission rights under TILA against the Defendants to the full extent they are available to the originating creditor. 15 U.S.C. § 1641(c)

40. Defendants, as assignees of the loans underlying the Transactions, are liable for violations apparent on the face of all documents assigned. 15 U.S.C. § 1641(a)

41. The Plaintiffs never received the required TILA disclosures in a form they could review.

42. Defendants violated well established Federal Law by failing to properly deliver all disclosures as required by TILA, HOEPA, RESPA and Regulation Z. 15 U.S.C. § 1638(b)(1); 15 U.S.C. § 1639; 12 U.S.C. § 2604; Reg. Z §§ 226.17, 226.18 and 226.31

43. The Sandovals suffered actual damages as a result of the Defendants' failure to provide them with copies of their loan documents, TILA disclosures and notices of right to cancel the Transactions.

44.     The Sandovals were deprived of important financial information and were unable to make an informed decision about the credit provided them.  As a result of failing to provide the Sandovals with a copy of the retail installment contract prior to consummation, the Plaintiffs were deceived as to the true cost of their financing.

45.     Plaintiffs have suffered damages in an amount in excess of Ten Thousand Dollars ($10,000).

46.     As a result of Defendants' breaches, Plaintiffs have retained the legal services of attorneys and are entitled to recover reasonable attorneys' fees and costs of this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against the Defendants, jointly and severally, awarding Plaintiffs damages in the amount proscribed by law, awarding attorneys' fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

**V.
VIOLATION OF RESCISSION UNDER THE TRUTH IN LENDING ACT**

47.     Plaintiffs repeat and re-allege all prior paragraphs as though set forth fully herein.

48.     The Plaintiffs have lived in the property for more than one year. The loans are transfers of a purchase money agreement, which is the subject of this law suit.

49.     The Defendants sold a consumer loan product to the Plaintiffs.

50.     The Defendants engaged in a pattern of unfair practices in violation of TILA, RESPA, HOEPA, and Regulation Z, by providing inaccurate or insufficient disclosures.

COMPLAINT FOR DAMAGES           Page 8 of 16

51. Material disclosures were missing as required by Regulation Z at 12 C.F.R. §§ 226.17, 18, and 12 C.F.R. § 226.5, entitling Plaintiffs to damages under 15 U.S.C. §§ 1640(a), of actual damages, twice the finance charge, rescission and reasonable attorney fees and costs.

52. The Plaintiffs rescinded both of the loans underlying the Transactions, entitling the Plaintiffs to a second cause of action under TILA.  15 U.S.C. § 1635(g).

53. The Defendants failed to timely respond to the Plaintiffs' notice of rescission, creating this claim.

54. Plaintiffs have suffered damages in an amount in excess of Ten Thousand Dollars ($10,000).

55. As a result of Defendants' breaches, Plaintiffs have retained the legal services of attorneys and are entitled to recover reasonable attorneys' fees and costs of this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against the Defendants, jointly and severally, awarding Plaintiffs damages in the amount proscribed by law, awarding attorneys' fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

**VI.**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

56. Plaintiffs repeat and re-allege all prior paragraphs as though set forth fully herein.

57. At all relevant times in this lawsuit, Defendants qualified as providers of information to Credit Reporting Agencies under the Fair Credit Reporting Act (the "**FCRA**") and reported negative marks against Plaintiffs.

58.     Plaintiffs are entitled to maintain a separate cause of action against Defendants for an award of damages in an amount to be proven at the time of trial for all violations of FCRA which caused actual damage to Plaintiffs, including emotional distress and humiliation, under 15 U.S.C. § 1681s-2(b).

59.     Plaintiffs are entitled to recover damages from Defendants for negligent non-compliance under 15 U.S.C. § 1681o.

60.     Plaintiffs are entitled to an award of punitive damages against Defendants for willful non-compliance under 15 U.S.C. § 1681n(a)(2) in an amount to be proven at the time of trial.

61.     Plaintiffs have suffered damages in an amount in excess of Ten Thousand Dollars ($10,000).

62.     As a result of Defendants' breaches, Plaintiffs have retained the legal services of attorneys and are entitled to recover reasonable attorneys' fees and costs of this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against the Defendants, jointly and severally, awarding Plaintiffs damages in the amount proscribed by law, awarding attorneys' fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

**VII.**
**BREACH OF CONTRACT AND FAILURE TO ACT IN GOOD FAITH**

63.     Plaintiffs repeat and re-allege all prior paragraphs as though set forth fully herein.

64. NRS § 104, *et seq.*, requires that Defendants act in good faith when dealing with the Plaintiffs.

65. NRS § 104.9625 Provides remedies for a secured party's failure to comply with the Nevada Revised Statute and states:

> 1. If it is established that a secured party is not proceeding in accordance with this article, a court may order or restrain collection, enforcement or disposition of collateral on appropriate terms and conditions.
>
> 2. Subject to subsections 3, 4 and 6, a person is liable for damages in the amount of any loss caused by a failure to comply with this article...
>
> ***
>
> 3. Except as otherwise provided in NRS 104.9628
>
>> (a) A person that, at the time of the failure, was a debtor, was an obligor or held a security interest in or other lien on the collateral may recover damages under subsection 2 for its loss; and
>>
>> (b) If the collateral is consumer goods, a person that was a debtor or a secondary obligor at the time a secured party failed to comply with this part may recover for that failure in any event an amount not less than the credit service charge plus 10 percent of the principal amount of the obligation or the time-price differential plus 10 percent of the cash price.

66. Defendants' failure to disclose and provide Plaintiffs with two market loans has caused the Plaintiffs harm.

67. As a result of all of the Defendants' many failures in failing to do good faith dealings, failing to give proper disclosure as outlined above, Defendants have breached the

COMPLAINT FOR DAMAGES                    Page 11 of 16

contract. Plaintiffs have suffered injury including damages for pain and suffering and emotional distress. The injuries are continuing in nature.

68. The amounts of Plaintiffs' damages are currently unknown and will be established at time of trial.

69. As a result of Defendants' breaches, Plaintiffs have retained the legal services of attorneys and are entitled to recover reasonable attorneys' fees and costs of this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against the Defendants, jointly and severally, awarding Plaintiffs damages in the amount proscribed by law, awarding attorneys' fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

**VIII.
DEFENDANTS ARE NOT THE OWNERS OF THE NOTE AND MORTGAGE**

70. Plaintiffs repeat and re-allege all prior paragraphs as though set forth fully herein.

71. Plaintiffs have reviewed and searched the Clark County Nevada Assessor's Records filings which reveal that the Defendants may not be owner of record of the notes or mortgages underlying the Transactions.

72. There is no reference to Defendants in the recorded chain of title.

73. Defendants may not have standing to collect any moneys owed under the Transactions. *See* In re Foreclosure Cases, Case No. 1:07-cv-02282-CAB (N.D.OH dated Oct. 31, 2007) (finding that without legal title to the residence, the lenders did not have standing to pursue their claims). A copy of the order is attached hereto as Exhibit A.

COMPLAINT FOR DAMAGES                Page 12 of 16

74. Plaintiffs have suffered damages in an amount in excess of Ten Thousand Dollars ($10,000).

75. As a result of Defendants' breaches, Plaintiffs have retained the legal services of attorneys and are entitled to recover reasonable attorneys' fees and costs of this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against the Defendants, jointly and severally, awarding Plaintiffs damages in the amount proscribed by law, awarding attorneys' fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

### IX.
### DECEPTIVE TRADE PRACTICES

76. Plaintiffs repeat and re-allege all prior paragraphs as though set forth fully herein.

77. The Defendants' violations of the Nevada deceptive trade practices act include misrepresenting the quality, characteristics, benefits and rights of the services involved in the Transactions.

78. The Defendants, in violating various TILA, HOEPA, RESPA and Regulation Z provisions, knowingly violated, among other provisions, federal statutes and regulations relating to the sale or lease of goods or services, in violation of NRS 598.0923(3).

79. But for the misrepresentations of Defendants' services in the consumer lending Transactions with Plaintiffs, Plaintiffs would not have sustained their damages therefrom and would not have entered into the Transactions.

80. Defendants stand responsible for those misrepresentations and the related damages by virtue of their claim of owning and holding the notes and related lien(s).

81. Plaintiffs have suffered damages in an amount in excess of Ten Thousand Dollars ($10,000).

82. As a result of Defendants' breaches, Plaintiffs have retained the legal services of attorneys and are entitled to recover reasonable attorneys' fees and costs of this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against the Defendants, jointly and severally, awarding Plaintiffs damages in the amount proscribed by law, awarding attorneys' fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

**X.
IMPROPER CHANGES TO THE SECOND LOAN**

83. Plaintiffs repeat and re-allege all prior paragraphs as though set forth fully herein.

84. In accordance with the parties contractual agreements, the Defendants had an obligation to insure that the Check cleared normal banking channels before reducing the Second Loan's balance to zero.

85. As a result, the Plaintiffs were harmed in that the balance of the Second Loan was doubled, and continue to suffer harm as the Plaintiffs' current payments have also doubled.

86. The contract note for the Second Loan stipulates that a loan extension may not exceed the amount of available credit shown on the last periodic statement provided by Defendants.

87. Plaintiffs have suffered damages in an amount in excess of Ten Thousand Dollars ($10,000).

88. As a result of Defendants' breaches, Plaintiffs have retained the legal services of attorneys and are entitled to recover reasonable attorneys' fees and costs of this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against the Defendants, jointly and severally, awarding Plaintiffs damages in the amount proscribed by law, awarding attorneys' fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

**XI.**
**RELIEF SOUGHT**

Wherefore, having set forth various causes of action against Defendants, Plaintiffs pray for the following relief:

1. That the actions of the Defendants be determined in violation of the Truth in Lending Act, for the non-compliance of 12 CFR § 226.4, 17 and 18 and 12 CFR § 226.5 and 5b;

2. That the Plaintiffs be awarded the right to rescind the Transactions because of Defendants' TILA violations;

3. That damages are awarded as provided by 15 USCA § 1640(a);

4. That the Court award Plaintiffs all relief to which they are entitled under the Fair Credit Reporting Act, including an award of punitive damages against the Defendants, for willful violations of the FCRA;

5. That the Plaintiffs be awarded all costs they incurred as a result of Defendant's breach of contract and failure to act in good faith;

6. That the court declare that the Defendants are not the record owners of the notes and mortgages underlying the Transactions and have no legal title to the property;

7. That the actions of all of the Defendants be determined to be unfair and deceptive business practices in violation of Nevada law and that this Court award all such relief to Plaintiffs as they may be entitled to, including treble damages and an award of costs and attorney's fees;

8. That the Court declare that the Second Loan was improperly doubled, causing harm to the Plaintiffs and award all costs associated with the improper increase of the loan balance of the Second Loan; and

9. That the Court award such other relief as it deems just and proper.

## XII.
## RIGHT TO AMEND

Plaintiffs reserve the right to amend this Complaint, asserting other facts and causes of action after further investigation and discovery.

Dated this __ day of January, 2008.

Respectfully Submitted,

/s/_____
Nikoll Nikci, Esq.
Nevada Bar No. 10699
3960 Howard Hughes Parkway
Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 990-3628
Facsimile: (702) 866-9774